**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**MICHAEL S. LANGIEWICZ,**

Plaintiff,

v.

**NORTHERN STATES POWER COMPANY, NORTHERN STATES POWER COMPANY PENSION PLAN, GARY R. JOHNSON, GRADY BUTTS, and CYNDI LESHER,**

Defendants.

Civil File No. 00-1046 (MJD/JGL)

**O R D E R**

**NORTHERN STATES POWER COMPANY,**

Third Party Plaintiff,

v.

**APM OF WISCONSIN, INC., and ALEXANDER J. LANGIEWICZ,**

Third Party Defendants.

APPEARANCES

Brian E. Cote, Esq., for Plaintiff.

Timothy Robert Thornton, Esq., and Kristin R. Sankovitz, Esq., on behalf of Defendants and Third Party Plaintiff.

Malcolm P. Terry, Esq., on behalf of Third Party Defendants.

JAN 23 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on January 18, 2001 on Northern States Power Company's Motion for Protective Order and Motion to Compel (Doc. No. 19); Plaintiff Michael Langiewicz's Motion for Protective Order and Motion to Compel Discovery (Doc. No. 24); and Northern States Power Company's Motion to Strike Plaintiff's Motion for Protective Order and to Compel Discovery (Doc. No. 28). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I. INTRODUCTION

Defendant and Third Party Plaintiff Northern States Power Company ("NSP") hired Plaintiff Michael Langiewicz in June 1980. NSP alleges that during his employment, Mr. Langiewicz demonstrated violent tendencies, intimidated and threatened coworkers, developed a reputation as a bully, threatened to retaliate against coworkers who supported a union grievance against him, and threatened to kill himself. NSP claims that Michael Langiewicz's behavior adversely affected his ability to do his job, and as a result, NSP offered to transfer him from his management position to a less demanding security position, which he refused. NSP also contends that at some point during Michael Langiewicz's employment, he stole some NSP

equipment and hid it on property belonging to Alexander Langiewicz, his father. In exchange for Michael Langiewicz's resignation and execution of a release of all claims against NSP, NSP agreed not to press criminal charges. The alleged agreement was executed on June 5, 1998. Nevertheless, Michael Langiewicz brought the current action seeking ERISA benefits and alleging breach of fiduciary duty, interference with protected rights under 29 U.S.C. § 1140, interference with contractual relations and prospective business advantage, breach of the implied covenant of good faith and fair dealing, defamation, and negligent infliction of emotional distress.

## II. DISCUSSION

NSP and Alexander Langiewicz each make an argument based on alleged noncompliance with the Local Rules of this District. NSP asserts that Michael Langiewicz did not comply with the motion filing and notice requirements of D. Minn. LR 7.1, and that consequently, his motion should be stricken. Alexander Langiewicz contends that NSP did not meet and confer in accordance with LR 37 prior to bringing its motion. Rather than decide the motions on a procedural basis, however, which would certainly prompt the filing of identical motions and a repetitive hearing, the Court will resolve the issues on the merits.

**A. NSP's Motion for a Protective Order and Michael Langiewicz's Motion to Compel Discovery.**

Michael Langiewicz's Motion to Compel asks for the same information that NSP seeks to protect in its Motion for a Protective Order. Thus, these related motions will be discussed and resolved jointly.

Pursuant to Fed. R. Civ. P. 26(c), NSP moves for a protective order safeguarding the identities of and information about certain NSP employees and vendors, which were sought in both Michael and Alexander Langiewicz's discovery requests. Only Michael Langiewicz brought a motion to compel the discovery, but both Michael and Alexander Langiewicz object to the protective order. In particular, Michael Langiewicz seeks personnel records and other information about individuals who have requested or received a disability retirement from NSP, who participated in NSP's investigation of the alleged theft by Michael Langiewicz and his allegedly improper relationship with NSP vendors, who have been disciplined by NSP for taking company property or equipment, and who filed union grievances against Michael Langiewicz. NSP does not dispute the relevance of the requested material, but asks to provide the information under an "Attorney's Eyes Only" designation given Michael Langiewicz's alleged reputation and previous behavior. Michael and Alexander Langiewicz object to the information being provided under such a designation, arguing that the clients must have access to the information to meaningfully participate in the case.

Federal Rule of Civil Procedure 26(c) governs protective orders and provides that a court may issue a protective order for good cause shown by the moving party. A protective order is appropriate to protect a party or other person from annoyance, embarrassment, or oppression. See Fed. R. Civ. P. 26(c). A court has broad discretion in determining whether a protective order is warranted and the appropriate degree of protection. See May Coating Techs., Inc. v. Illinois Tool Works, 157.F.R.D. 55, 57 (D. Minn. 1994) (citations omitted).

As good cause, NSP asserts that Michael Langiewicz has a volatile mental condition and violent tendencies. NSP refers to a particular situation in which Michael Langiewicz drove a company-owned vehicle "around all night" with a handgun and stopped "several times with the intent to shoot himself." (Johnson Aff. ¶ 5.) Michael Langiewicz surrendered the gun to Gary Johnson, General Counsel for Xcel Energy (successor and parent of NSP), upon request. (Id.) NSP further argues that its employees and vendors, who are not parties in this action, have legitimate privacy interests at stake. See Onwuka v. Federal Express Corp., 178 F.R.D. 508, 517 (D. Minn. 1997). Finally, NSP stated at the hearing that it intended to file a motion for summary judgment based on the

alleged release executed by Michael Langiewicz, and therefore, discovery should be limited to the issue of the release at this point in the litigation.[1]

Considering NSP's showing of good cause and the possible prejudice to the Langiewiczes, the Court finds that a protective order is appropriate at this time. The Court agrees with Michael Langiewicz that he is entitled to know the identity of and information about his "accusers," the alleged informant who told NSP about the theft, and other NSP employees and vendors. However, given NSP's representation that a summary judgment motion on the issue of the release is imminent, disclosure of employee and vendor information to Michael Langiewicz personally may prove unnecessary. Without expressing an opinion on the validity of NSP's concerns about Michael Langiewicz's mental state and behavior, the Court finds the potential risk of disclosure too great and unwarranted at this time. Similarly, if the information was provided to Alexander Langiewicz personally, there is an inherent risk that he would divulge the information to his son.

However, if Michael Langiewicz survives NSP's motion for summary judgment, both he and Alexander Langiewicz may move this Court for an order removing the Attorney's Eyes Only designation. NSP is ordered to provide

---

[1] The Court notes that NSP did not move to bifurcate discovery, and the Court therefore will not order discovery to be limited to the issue of the release.

forthwith the requested information under an Attorney's Eyes Only designation.

**B. NSP's Motion to Compel Discovery.**

NSP moves this Court for an order compelling Michael Langiewicz to provide an authorization for medical records. This issue was resolved at the hearing. NSP also requests more complete responses from Michael Langiewicz with respect to Interrogatories No. 11-17. Local Rule 37.2 requires the moving party in a discovery dispute to set forth the disputed requests, the responses thereto, and a concise explanation of why the response or objection is improper. In this case, Michael Langiewicz objected to the disputed interrogatories on the grounds of vagueness, ambiguity, irrelevance, and calling for a legal conclusion. NSP responds that the interrogatories were directed at Michael Langiewicz's own claims and allegations as set forth in his Complaint, and the requests were therefore specific and relevant.

The Federal Rules of Civil Procedure contemplate liberal discovery; the information sought only need be "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U.S. 495, 501 (1947). A party is allowed to fully explore the relevant facts so that it can present reasoned and informed evidence and theories at trial. In the context of discovery, "relevant" has been defined as encompassing "any matter that bears

on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Hickman, 329 U.S. at 501. Discovery should not limited to matters in the pleadings because discovery is designed to help establish and clarify the issues in a case. See id. at 500-01.

Here, the Court finds that the interrogatories were targeted specifically to matters in the pleadings and even recited verbatim Michael Langiewicz's own assertions. For example, Interrogatory No. 12 reads: "Identify all facts and documents on which you base your assertion that '[t]he Resignation and Release Agreement was procured through duress and coercion and it lacks consideration.'" The Court finds that the interrogatories were calculated to lead to the discovery of admissible evidence. Moreover, the requests do not ask for legal conclusions; they specifically ask for only facts and documents. Michael Langiewicz's lawyer is under no obligation to explain how he reaches his legal conclusions, but if he has facts and documents that bear on, or that could lead to other matter bearing on, issues in the case, he must produce them. NSP's motion to compel answers to Interrogatories No. 11-17 is therefore granted.

C. **Michael Langiewicz's Motion for a Protective Order.**

At the hearing, NSP stated that it had no objection to Michael Langiewicz's proposed protective order. Therefore, Michael Langiewicz's motion for a protective order is granted.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

(1) Northern States Power Company's Motion for Protective Order and Motion to Compel (Doc. No. 19) is **GRANTED**;

(2) Plaintiff Michael Langiewicz's Motion for Protective Order and Motion to Compel Discovery (Doc. No. 24) is **GRANTED IN PART** and **DENIED IN PART** as set forth fully in the body of this Order; and

(3) Northern States Power Company's Motion to Strike Plaintiff's Motion for Protective Order and to Compel Discovery (Doc. No. 28) is **DENIED**.

Dated: January 23, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge